NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID KILKEARY, | : | |
| Petitioner, | : | Civ. No. 12-2781 (PGS) |
| v. | : | |
| | : | |
| UNITED STATES GOVERNMENT, | : | **MEMORANDUM** |
| Respondent. | : | |

### PETER G. SHERIDAN, U.S.D.J.

This matter comes before the Court on Petitioner David Kilkeary's motions under Federal

Rule of Civil Procedure 60(b) and for recusal under 28 U.S.C. § 144. (ECF Nos. 30 & 34). For

the following reasons, Petitioner's motions are denied.

### I.

On May 18, 2009, a grand jury in the District of New Jersey returned a three-count

indictment charging Petitioner with: (1) willfully threatening to cause harm to persons and

property by conveying false information that bombs he intended to detonate were genuine

explosives, in violation of 18 U.S.C. §§ 844(e), 2; (2) kidnapping through an instrumentality of

interstate commerce, in violation of 18 U.S.C. §§ 1201(a), 2; and (3) extortion, in violation of 18

U.S.C. §§ 1951(a), 2. *United States v. Kilkeary*, 410 F. App'x 554, 557 (3d Cir. 2011). Petitioner

entered a guilty plea to all counts on August 19, 2009. *Id.* The Court entered judgment on

March 12, 2010, imposing a sentence of 300 months of incarceration and five years of

supervised release. *Id.* Petitioner filed an appeal, and the Third Circuit affirmed on February 1, 2011. *Id.*

On May 3, 2012, Petitioner filed a motion under 28 U.S.C. § 2255 raising three grounds for relief: (1) ineffective assistance of counsel; (2) failure for the Court to recuse itself; and (3) prosecutorial misconduct. (ECF No. 1). As to the recusal issue, Petitioner argued that it was a violation of his due process rights when the Court failed to *sua sponte* recuse itself from Petitioner's criminal proceedings. (ECF No. 7). The Court denied the petition in its entirety on June 18, 2015 but granted a certificate of appealability. (ECF No. 12). The Third Circuit affirmed the Court's ruling. *Kilkeary v. United States Gov't*, 722 F. App'x 207 (3d Cir. 2018), *reh'g denied,* (May 22, 2018).

Shortly after the Third Circuit affirmed the denial of the § 2255 motion, Petitioner filed the instant Rule 60(b) motion. (ECF No. 30); *see also* (ECF No. 31). He argued this Court erred by failing to recuse itself from consideration of his § 2255 motion. Several months later, he filed an affidavit under 28 U.S.C. § 144 arguing the Court was required to recuse itself from further participation in this matter due to personal bias. (ECF No. 34).

## II.

A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" *Moolenaar v. Gov. of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). "Rather, relief under Rule 60(b) is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998)

(quoting *Martinez–McBean v. Gov. of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" *Moolenaar*, 822 F.2d at 1346 (citations omitted).

## III.

### A. Recusal

Before this Court can address Petitioner's Rule 60(b) motion, it must determine whether it is required to recuse itself under § 144. Recusal must occur under § 144 "[w]henever a party to any proceeding in a district court makes and files a *timely and sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." 28 U.S.C. § 144 (emphasis added). "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id.* "The mere filing of an affidavit under § 144 does not automatically disqualify a judge from hearing a case. It is the duty of a judge to determine whether the affidavit is timely and legally sufficient." *Shank v. Am. Motors Corp.*, 575 F. Supp. 125, 127 (E.D. Pa. 1983) (citing *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973)).

Petitioner has not complied with the procedural requirements of § 144 because he has not filed a "timely" affidavit. Petitioner's § 2255 motion was filed on May 3, 2012. (ECF No. 1). The recusal motion was not filed until November 2, 2018, after both this Court and the Third Circuit denied his § 2255 motion on the merits *and* almost six months after he filed his Rule 60(b) motion on May 18, 2018. *See Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir. 1978) ("[C]ourts will often consider whether the affiant has participated in substantial pre-trial motions between

3

the time he first learned of the asserted bias and the time he filed the s 144 request."). "The requirement of timeliness is of fundamental importance[,]" *In re United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960), and is in and of itself reason to deny the recusal motion, *Concepcion v. Resnik*, 143 F. App'x 422, 425 (3d Cir. 2005). *See also Smith*, 585 F.2d at 86 ("[T]imeliness is a significant factor in a s 144 proceeding. The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming.").

Petitioner has not presented the Court with good cause for his failure to file a timely affidavit. His stated reason that he "was ignorant of the facts of the statute, including timeframe, and . . . was just recently made aware of specific pieces of information . . ." is contradicted by the record. (ECF No. 34 at 4). *See, e.g.,* (ECF No. 7 at 8 (raising a § 2255 claim based on trial counsel's failure to file a "timely motion for recusal together with an affidavit setting for the reasons for recusal" under 28 U.S.C. § 144)); (ECF No. 11 at 5 (quoting 28 U.S.C. § 144)). He provides no specifics as to when he allegedly became aware of the "new" facts.

The allegations are also factually insufficient. Many of the "facts" contained in the affidavit are the same as those presented in his original § 2255 motion and before the Third Circuit. *See* (ECF No. 11 at 6); *Kilkeary v. United States Gov't*, 722 F. App'x 207, 215 & n.5 (3d Cir. 2018). The Court denies the recusal motion as procedurally and factually deficient under § 144.

Recusal is also not warranted under 28 U.S.C. § 455(a). Section 455(a) of Title 28 of the United States Code provides, in pertinent part, that: "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (*In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003)). As the Court stated in its opinion denying Petitioner's § 2255 motion:

> Prior to joining the bench, the Court represented the Atlantic City Casino Association and was a named partner at a law firm whose list of clients included casinos and the Casino Association of New Jersey. However, none of those facts even remotely suggest that the Court could not be impartial or somehow held a bias against Petitioner. Any relationship the Court had with the casino industry had long since terminated by the time the Court presided over Petitioner's case, as had the Court's partnership with the law firm. More importantly, neither Showboat nor the Casino Association was a party to this criminal matter. In short, there is nothing in the record to suggest that Petitioner has any basis for his claim that the Court had an obligation to recuse itself.

(ECF No. 11 at 6). Nothing submitted by Petitioner changes these facts. The motion for recusal is denied.

**B. Motion for Reconsideration**

Petitioner also moves for reconsideration of the Court's order denying his § 2255 motion. (ECF No. 30). He argues that he obtained evidence that shows the Court should have recused itself from considering his § 2255 motion. (ECF No. 31).

Rule 60(b)(6) "is a catch all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). Although a claim for relief under Rule 60(b)(6) has no explicit time limit, parties must file the motion "within a reasonable time." *See* Fed. R. Civ. P. 60(c). "Nevertheless, the general one-year limit remains a rule of thumb: 'A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner.'" *July v. D'Ilio*, No. 13-6741, 2018

WL 3492144, at *2 (D.N.J. July 20, 2018) (quoting *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007)). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). This motion was filed three years after the judgment in question. Petitioner provides no explanation for the delay in the filing of his motion; it was therefore not filed within a reasonable time after the judgment in question.

In addition to being untimely, the motion is meritless. This Court considered and denied Petitioner's recusal arguments together with his § 2255 motion. The Third Circuit reviewed this Court's conclusions and affirmed the dismissal. *Kilkeary v. United States Gov't*, 722 F. App'x 207 (3d Cir. 2018), *reh'g denied,* (May 22, 2018). Petitioner has not provided anything that approaches the "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6). The motion is denied.

## IV.

For the reasons stated above, Petitioner's motions are denied. An appropriate order follows.

DATED: 11/15 , 2018

PETER G. SHERIDAN
United States District Judge